[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendant-appellant, David Manor, was convicted of driving without a license, failure to maintain an assured clear distance, and leaving the scene of an accident, violations of R.C. 4507.02, Cincinnati Municipal Code 506-8, and R.C. 4549.02, respectively. On appeal, his attorney states in an "assignment of error" that she has carefully reviewed the record and can discern no basis for reversal of the convictions. She requests, therefore, that she be allowed to withdraw and that this court conduct an independent examination of the record and "make its own independent determination of all issues of fact."
Although counsel made no citation to law, we presume that her brief and accompanying motion to withdraw was submitted in accordance with the requirements of Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, and the decision of the Court of Appeals for the Sixth Circuit inFreels v. Hills (C.A. 6, 1988), for filing a no-error brief. Anders
requires that appointed appellate counsel advise the reviewing court when he or she believes that the appeal is frivolous, and that counsel then (1) request permission to withdraw, (2) submit along with the request "a brief referring to anything in the record that might arguably support the appeal," and (3) furnish the client with a copy of the brief and the opportunity to raise any points that he chooses. Anders, supra, at 744,87 S.Ct. at 1400.
In her brief, counsel explained that she has entered into a "dialogue" with the appellant concerning her view of the merits of his appeal, and that the appellant had insisted that "the testimony he and his witnesses gave under oath reflects an accurate statement of the facts." We interpret this to mean that the appellant views his conviction as contrary to the weight of the evidence. Having conducted an independent review of the record, however, we find no basis to conclude that the trier of fact lost its way or committed a manifest miscarriage of justice in resolving conflicts in the testimony.
Upon review of the entire record of proceedings in the trial court, we find no other grounds. Accordingly, this appeal is found to be without merit and wholly frivolous. Counsel's motion to withdraw is overruled, and the judgment of the trial court is affirmed.
Though this appeal is frivolous, see App.R. 23, we refrain from requiring Manor to pay the appellee's reasonable expenses including attorney fees and costs, and from taxing against him the fee or damages permitted by statute, because he is clearly indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., WINKLER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.